TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Frances Long

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Long,<br><br>     Plaintiff,<br><br>  vs.<br><br>Conn Appliances, Inc.,<br><br>     Defendant. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Frances Long, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Original jurisdiction exists pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), in that the acts giving rise to this action occurred in this district and Defendant transacts business in this district.

## PARTIES

4. The plaintiff, Frances Long (hereafter "Plaintiff"), is an adult individual residing in Apache Junction, Arizona 85120, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. The defendant, Conn Appliances, Inc. (hereafter "Defendant" and alternatively referred to as "Conn"), is a company with an address of 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

6. In May 2014, Conn began calling Plaintiff's cellular telephone, number [480-XXX-8900], in an attempt to collect a financial obligation (the "Debt") allegedly owed by Plaintiff.

7. Conn called Plaintiff using an automatic telephone dialer system ("ATDS").

8. When Plaintiff answered the calls from Conn, she was met with a significant period of background noise before being connected to a live representative or before the call was disconnected. The background noise often included the sound of papers being shuffled and the sound of other phone calls taking place.

9. During a live conversation with Conn, Plaintiff advised the Conn's agent that the calls were excessive and causing her much frustration.

10. Accordingly, Plaintiff demanded the harassing ATDS calls to cease.

11. Conn advised Plaintiff that it could call Plaintiff at any time.

12. Despite Plaintiff's request and explanation, Conn continued calling Plaintiff using an ATDS at an annoying and harassing rate, placing over twenty (20) calls thereafter.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

15. Defendant's telephone system has the earmark of using an ATDS in that Plaintiff, upon answering calls from Defendant, heard a significant period of background noise before being connected to a live representative or before the call was disconnected.

16. Defendant called Plaintiff's Number using an ATDS without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

17. Defendant continued to willfully call Plaintiff's Number using an ATDS knowing that it lacked the requisite consent to do so in violation of the TCPA.

18. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

19. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

20. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

4

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: February 9, 2015     LEMBERG LAW, LLC


By: /s/ *Trinette G. Kent*
Trinette G. Kent

Attorney for Plaintiff
Frances Long